Lance Brown and Associates, LLC
1 AAA Drive, Suite 205
Robbinsville, New Jersey 08691
(609) 587-5100
(609) 587-6030 (fax)
*Attorneys for Plaintiffs*

| | |
|---|---|
| LESLEY MITCHEL-TOCKMAN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>v.<br><br>URBAN OUTFITTERS, INC. d/b/a ATHROPOLOGIE,<br><br>Defendant. | UNITED STATES DISTRICT COURT<br><br>DISTRICT OF NEW JERSEY<br><br>DOCKET NO.:<br>CIVIL ACTION<br><br>**VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, Lesley Mitchel-Tockman, residing at J19 Shirley Lane, Lawrence, New Jersey 08648, individually and on behalf of all others similarly situated, hereby complains against Defendant, Urban Outfitters, Inc. d/b/a/ Anthropologie, and alleges of her own knowledge and conduct and upon information and belief as to all other matters, as follows:

**Preliminary Statements**

1. Plaintiff, in her individual capacity and on behalf of all others similarly situated, brings this action under the New Jersey Wage and Hour Laws and Regulations *N.J.S.A.* 34:11-56a, *et seq.* ("NJWHLR"), and Fair Labor Standards Act of 1938, 29 U.S.C. §201, *et. seq.*, ("FLSA") for monetary damages, liquidated damages and costs, including attorneys' fees, as a result of Defendants' commonly applied policy and practice of altering employees' time cards to reflect the employees having worked less hours than actually worked for the purpose of avoiding paying the employees their earned overtime pay. Upon information and belief, Defendants have willfully and intentionally committed the violations of the NJWHLR and FLSA as described above for well more than one (1) year.

2. Plaintiff, in her individual capacity, additionally brings this action under the New Jersey Conscientious Employee Protection Act, *N.J.S.A.* 34:19-1, *et. seq.* ("CEPA") for monetary damages, punitive damages, costs, including attorneys' fees, and such other

relief as the Court deems just and equitable as a result of Defendant taking an impermissible retaliatory action against Ms. Mitchel-Tockman after Ms. Mitchel-Tockman expressed her reasonable belief to Defendant that Defendant's policies and practices were violative of law and public policy.

## The Parties

3. Plaintiff, Lesley Mitchel-Tockman (hereafter referred to as "Ms. Mitchel-Tockman" or "Plaintiff"), is a citizen and resident of the County of Mercer in the State of New Jersey residing at J19 Shirley Lane, Lawrenceville, New Jersey 08648.

4. Defendant, Urban Outfitters, Inc., (hereafter referred to as "Urban") is a private, for-profit business entity incorporated under the laws of the State of Pennsylvania, with a principal place of business located at 5000 South Broad Street, Philadelphia, Pennsylvania 19112.

5. According to Urban's January 31, 2012 SEC Form 10-k Urban states about itself that: "We are a leading lifestyle specialty retail company that operates under the Urban Outfitters, Anthropologie, Free People, Terrain and BHLDN brands. We also operate a wholesale segment under the Free People brand. Our core strategy is to provide unified store environments that establish emotional bonds with the customer. In addition to our retail stores, we offer our products and market our brands directly to the consumer through our e-commerce websites, *www.urbanoutfitters.com*, *www.anthropologie.com, www.freepeople.com*, *www.urbanoutfitters.co.uk*, *www.urbanoutfitters.de*, *www.urbanoutfitters.fr,* *www.anthropologie.eu,* *www.shopterrain.com* and *www.bhldn.com* and also through our Urban Outfitters, Anthropologie and Free People catalogs. We have achieved compounded annual sales growth of approximately 15% over the past five years, with sales of approximately $2.5 billion in fiscal 2012."

6. Urban, operating under various trade names, including Anthropologie, owns and operates numerous retail stores in the State of New Jersey including a location at the Princeton Market Fair, 3535 U.S. Highway 1, Princeton, New Jersey 08540.

7. Urban also sells its products in the State of New Jersey via online sales through various domain names, including www.anthropologie.com.

8. Ms. Mitchel-Tockman is a former assistant department manager at Defendant's, Anthropologie retail store location at the Princeton Market Fair, 3535 U.S. Highway 1, Princeton, New Jersey 08540.

9. Urban directly controls and determines the company's entire business practice, including, but not limited to, employees' work schedules, wage payment policies and hiring/terminating policies.

## Jurisdiction and Venue

10. Plaintiff hereby incorporates paragraphs 1-9 as if set forth at length herein.

11. This Court has subject matter jurisdiction over the parties and claims pursuant to, *inter alia*, 28 U.S.C. §1331 because this matter involves a "Federal Question" to the extent that this litigation involves the Fair Labor Standards Act of 1938, 29 U.S.C. §201, *et. seq*.

12. The Court may maintain personal jurisdiction over the Defendant because the cause of action arises out of an employer/employee relationship entered into and carried out within the jurisdiction of this Court and because the Defendant operates within the jurisdiction of this Court. As such, this Court's personal jurisdiction over Defendant complies with traditional notions of fair play and substantial justice and thus satisfies the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

13. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. §1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction in that they form part of the same case or controversy.

14. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b)(1) and (b)(2) as Defendant, a corporation, resides within the jurisdiction of this Court pursuant to 28 U.S.C. §1391 (c)(2) as Defendant is subject to this Court's personal jurisdiction and because a substantial part of the events which forms the basis of this claim occurred within this district, respectively.

## Factual Allegations

15. Plaintiff hereby incorporates paragraphs 1-14 as if set forth at length herein.

16. At all times relevant herein, Urban was/is a retail business selling fashion apparel, accessories and home goods throughout multiple states, including the State of New Jersey, through various "brick-and-mortar" retail stores operating under various trade names, such as Anthropologie, and via e-commerce via various domain names, including www.anthropologie.com.

17. At all times relevant herein, Urban was the employer of Ms. Mitchel-Tockman and similarly situated employees within the meaning of all applicable federal and state laws and statutes including the NJWHLR, FLSA and CEPA.

18. At all times relevant herein, Urban directly hired Ms. Mitchel-Tockman and similarly situated employees, paid them wage and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions and kept at least some records regarding their employment.

19. At all times relevant herein, Ms. Mitchel-Tockman was employed by Urban as an assistant department manager.

20. Neither Ms. Mitchel-Tockman nor similarly situated employees did nor do qualify as "exempt employees" as defined by applicable federal and state laws and regulations including the NJWHLR, FLSA and CEPA.

21. At all times relevant herein, Plaintiff and similarly situated employees were intentionally and willfully denied overtime pay by Urban when Ms. Mitchel-Tockman's supervisor, and the supervisors of other similarly situated employees, altered Ms. Mitchel-Tockman's and other similarly situated employees' timecards to reflect that they worked less hours in a workweek than they actually worked.

22. Ms. Mitchel-Tockman, on average, worked over forty (40) hours per week.

23. Throughout her employment and continuing to her termination, Ms. Mitchel-Tockman and similarly situated employees were never paid the correct overtime compensation by Urban for work performed in a given workweek in excess of forty (40) hours.

24. Urban's conduct and actions described herein, which are in violation of the NJWHLR and FLSA, were/are willful, intentional and not the result of a good faith contest or dispute.

25. During her employment at Urban, Ms. Mitchel-Tockman's supervisor, under the approval and direction of Urban, would routinely alter Ms. Mitchel-Tockman's timecards to reflect her having worked less hours than she actually worked for the purpose of avoiding having to pay Ms. Mitchel-Tockman here earned overtime pay.

26. During her employment, Mrs. Mitchel-Tockman complained multiple times to her supervisors, including her district manager, Mr. Jeff Kumer, and other individuals at Urban, regarding her belief that altering her timecards to reflect her having worked less hours than she actually worked for the purpose of avoiding having to pay her the correct amount of earned overtime pay was in violation of law and public policy.

27. Ms. Mitchel-Tockman's belief that altering her timecards to reflect her having worked less hours than she actually worked for the purpose of avoiding having to pay her the correct amount of earned overtime pay was in violation of law and public policy is/was

formed from her experience in the working world, including, but not limited, her experience working as a manager in a retail store.

28. Despite Ms. Mitchel-Tockman's complaints, Urban initially did not change its policy and continued to routinely altered her timecards to reflect her having worked less hours than she actually worked for the purpose of avoiding having to pay her the correct amount of earned overtime pay.

29. Eventually, Urban responded to Ms. Mitchel-Tockman's complaints by reducing her hours to below forty (40) hours per week.

30. This reduction of Ms. Mitchel-Tockman's hours to below forty (40) hours per week was done despite the fact that upon hiring Ms. Mitchel-Tockman, it was expected that she would be working at least forty (40) hours per week.

31. Over the next few months from approximately July, 2012 to approximately October 11, 2012, Ms. Mitchel-Tockman's supervisors routinely treated her more harshly than they would treat other employees.

32. On or about October 11, 2012 as a result of Ms. Mitchel-Tockman complaining to her supervisors her belief that altering her timecards to reflect her having worked less hours than she actually worked for the purpose of avoiding having to pay her the correct amount of earned overtime pay was in violation of law and public policy, Ms. Mitchel-Tockman was terminated from Urban.

33. Had Ms. Mitchel-Tockman not expressed her concern that Urban's practices and policies of routinely altering her timecards to reflect her having worked less hours than she actually worked for the purpose of avoiding having to pay her the correct amount of earned overtime pay was in violation of law and public policy, then Ms. Mitchel-Tockman would not have been terminated from Urban.

**Class Action Allegations Regarding NJWHLR and FLSA**

34. Plaintiff hereby incorporates paragraph 1-33 as if set forth at length herein.

35. Plaintiff brings this class action to recover monetary damages owed by Defendant to Plaintiff and members of the putative Class for all unpaid overtime compensation.

36. Plaintiff brings this action on behalf of herself and all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of NJWHLR and FLSA.

37. In addition, and in the alternative, Plaintiff brings this action in her individual and personal capacity, separate and apart from the Class claims set forth herein.

38. The Class is defined as follow:

    **All current and former employees of Defendants who were employed as hourly employees during the applicable statutory period(s):**

    **(a) Whose timecards were altered by Urban personnel to reflect the workers having worked less hours than they actually worked; and/or**

    **(b) Who were not paid overtime compensation for hours they worked in excess of forty (40) hours during a workweek.**

39. This action is brought and may be properly maintained as a Class action pursuant to New Jersey Court Rule 4:32-1, *et. seq.* and/or under the collective action procedures of the FLSA and the class action procedures of Federal Rule of Civil Procedure 23.

40. The Class is so numerous that joinder of all members is impractical. While the exact number and identities of Class members are unknown at this time, and can only be ascertained through appropriate and meaningful discovery, through information and belief, there are at least one hundred (100) putative Class members who have worked for

Urban without appropriate pay, as described herein, throughout the applicable statutory period.

41. This litigation is properly brought as a Class action because of the existence of questions of fact and law common to the Class which predominates over any questions affecting only individual members, including:

    (a) Whether Defendant is liable to Plaintiff and members of the Class for violations of the NJWHLR and FLSA;

    (b) Whether Plaintiff's and members of the Class' timecards altered by Urban personnel to reflect the workers having worked less hours than they actually worked; and/or

    (c) Whether Defendant failed to pay Plaintiff and members of the Class overtime compensation for all workweeks in which they worked in excess of forty (40) hours.

42. This litigation is properly brought as a Class action because Plaintiff's NJWHLR and FLSA claims are typical of the claims of the members of the Class, inasmuch as all such claims arise form Defendant's standard policies and practices, as alleged herein.

43. Like all Class members, Plaintiff was injured by Defendant's policies and practices of altering employees' timecards to reflect the workers having worked less hours than they actually worked and failing to pay employees overtime compensation for all the hours they worked in excess of forty (40) hours during a given workweek.

44. Plaintiff has no interests antagonistic to the interests of the other members of the Class. Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel experienced in Class action litigation. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

45. A Class action is an appropriate and superior method for the fair and efficient adjudication of the present controversy given the following factors:

    (a) Common questions of law and/or fact predominate over any individual questions which may arise, and, accordingly, there would accrue enormous savings to both the Courts and the Class in litigating the commons issues on a Class-wide basis instead of on a repetitive, individual basis;

    (b) Despite the relatively small size of individual Class members' claims, their aggregate volume, coupled with the economies of scale inherent in litigation similar claims on a common basis, will enable this case to be litigated as a Class action on a cost-effective basis, especially when compared with repetitive, individual litigation; and

    (c) No unusual difficulties are likely to be encountered in the management of this Class action in that all questions of law and/or fact to be litigated at the liability of this action are common to the Class.

46. Class certification is also fair and efficient because prosecution of separate actions by individual Class members would create a risk of differing adjudications with respect to such individual members of the Class, which, as a practical matter, may be dispositive of the interests of other members not parties to the adjudication or substantially impair or impede their ability to protect their interests.

47. Class certification is further appropriate under New Jersey and Federal law because Defendant has acted and continues to act on grounds generally applicable to the members of the Class.

48. Plaintiff anticipates that there will be no difficulty in the management of this litigation. This litigation presents the NJWHLR and FLSA claims of a type that have often been prosecuted on a Class-wide basis and the manner of identifying the Class and providing any monetary relief to it can easily be effectuated form a review of Defendant's records.

## First Claim for Relief

### (Individual Claims for Violation of NJWHLR)

49. Plaintiff hereby incorporates paragraphs 1-48 as if set forth at length herein.

50. Urban intentionally and willfully altered Ms. Mitchel-Tockman's timecards to reflect her having worked less hours than she actually worked and failed to pay Ms. Mitchel-Tockman overtime for work performed in excess of forty (40) hours during a workweek in violation of the provisions of the NJWHLR.

51. Urban's conduct and practice, as described above, were/are willful, intentional, unreasonably, arbitrary, in bad faith and not in conformity with and in reliance upon any written administrative regulation, order, ruling, approval or interpretation by the Commissioner of the Department of Labor and Industry or the Director of the Wage and Hour Bureau, or any administrative practice or enforcement policy of such department or bureau.

WHEREFORE, Plaintiff, Ms. Lesley Mitchel-Tockman, hereby demands judgment against Defendant, Urban Outfitters, Inc. d/b/a Anthropologie in the amount of her compensatory, exemplary and punitive damages, including, but not limited to, unpaid overtime compensation, together with prejudgment interest and costs, including, but not limited to, reasonable attorneys fees, and such other damages and relief as provided by the NJWHLR and such other relief as the Court deems just and equitable.

## Second Claim for Relief

### (Individual Claims for Violation of FLSA)

52. Plaintiff hereby incorporates paragraphs 1-51 as if set forth at length herein.

53. Urban intentionally and willfully altered Ms. Mitchel-Tockman's timecards to reflect her having worked less hours than she actually worked and failed to pay her overtime for work performed in excess of forty (40) hours during a given workweek in violation of the FLSA.

54. Urban's conduct and practice, as described herein, were/are willful, intentional, unreasonable arbitrary and in bad faith.

WHEREFORE, Plaintiff, Ms. Lesley Mitchel-Tockman, hereby demands judgment against Defendant, Urban Outfitters, Inc. d/b/a Anthropologie in the amount of her compensatory, exemplary and punitive damages, including, but not limited to, unpaid overtime compensation, together with prejudgment interest and costs, including, but not limited to, reasonable attorneys fees, and such other damages and relief as provided by the FLSA and such other relief as the Court deems just and equitable.

### Third Claim for Relief
### (Class Action Claim for Violation of NJWHLR)

55. Plaintiff hereby incorporates paragraphs 1-54 as if set forth at length herein.

56. Urban intentionally and willfully altered their employees' timecards to reflect them having worked less hours than they actually worked and failed to pay them overtime compensation for work performed in excess of forty (40) hours during a workweek in violation of the provisions of the NJWHLR.

57. Urban's conduct and practice, as described above, were/are willful, intentional unreasonable, arbitrary, in bad faith and not in conformity with and/or in reliance upon any written administrative regulation, order, ruling, approval or interpretation by the Commissioner of the Department of Labor and Industry or the Director of the Wage and Hour Bureau or any administrative practice or enforcement policy of such department or bureau.

WHEREFORE, Plaintiff, Lesley Mitchel-Tockman, individually and on behalf of similarly situated members of the Class, hereby demands judgment against Defendant, Urban Outfitters, Inc. d/b/a Anthropologie in the amount of their compensatory, exemplary and punitive damages, including, but not limited to, unpaid overtime compensation, together with prejudgment interest

and costs, including, but not limited to, reasonable attorneys fees, and such other damages and relief as provided by the NJWHLR and such other relief as the Court deems just and equitable.

## Fourth Claim for Relief
### (Class Action Claim for Violation of FLSA)

58. Plaintiff hereby incorporates paragraphs 1-57 as if set forth at length herein.

59. Urban intentionally and willfully altered their employees' timecards to reflect them having worked less hours than they actually worked and failed to pay them overtime compensation for work performed in excess of forty (40) hours during a workweek in violation of the provisions of the FLSA.

60. Urban's conduct and practice, as described above, were/are willful, intentional, unreasonable, arbitrary and in bad faith.

WHEREFORE, Plaintiff, Lesley Mitchel-Tockman, individually and on behalf of similarly situated members of the Class, hereby demands judgment against Defendant, Urban Outfitters, Inc. d/b/a Anthropologie in the amount of their compensatory, exemplary and punitive damages, including, but not limited to, unpaid overtime compensation, together with prejudgment interest and costs, including, but not limited to, reasonable attorneys fees, and such other damages and relief as provided by the FLSA and such other relief as the Court deems just and equitable.

## Fifth Claim for Relief
### (Individual Claims for Violation of CEPA)

61. Plaintiff hereby incorporates paragraphs 1-60 as if set forth at length herein.

62. Ms. Mitchel-Tockman reasonably believed that Urban's policy and practice of altering her and other employees' timecards to reflect her and other employees having worked less hours than she and other employees actually worked for the purpose of avoiding having to pay earned overtime pay to her and other employees was in violation of law and was contrary to public policy.

63. Ms. Mitchel-Tockman engaged in activity protected under CEPA including, *inter alia*, *N.J.S.A.* 34:19-3(a)(1), (c)(1) and (c)(3) when she expressed to supervisors and other individuals at Defendant, in the form of complaints, her concerns regarding her reasonable belief that Urban's policy and practice of altering her and other employees' timecards to reflect her and other employees having worked less hours than she and other employees actually worked for the purpose of avoiding having to pay earned overtime pay to her and other employees was in violation of law and is contrary to public policy.

64. Ms. Mitchel-Tockman suffered an adverse employment action when she was treated more harshly and negatively than other employees and when she was terminated from Urban on or about October 11, 2012.

65. There is a causal connection between Ms. Mitchel-Tockman's whistle-blowing activities described herein and the adverse employment actions described herein as Ms. Mitchel-Tockman would not have suffered the adverse employment actions had she never expressed to supervisors and other individuals at Defendant, in the form of complaints, her concerns regarding her reasonable belief that Urban's policy and practice of altering her and other employees' timecards to reflect her and other employees having worked less hours than she and other employees actually worked for the purpose of avoiding having to pay earned overtime pay to her and other employees was in violation of law and is contrary to public policy.

66. In light of the foregoing, Urban's adverse employment actions against Ms. Mitchel-Tockman described herein constituted an impermissible "retaliatory action" as that term is described in *N.J.S.A.* 34:19-2(e).

WHEREFORE, Plaintiff, Lesley Mitchel-Tockman, hereby demands judgment against Defendant, Urban, in the amount of his compensatory, exemplary and punitive damages, including, but not limited to, damages afforded under *N.J.S.A.* 34:19-5, together with prejudgment interest and costs, including, but not limited to, reasonable attorneys' fees, and such

other damages and relief as provided by CEPA and such other relief as the Court deems just and equitable.

### **Prayer for relief**

**WHEREFORE, Plaintiff and the Class he represents pray for declaratory relief and damages as follows:**

(a) A declaratory judgment that Defendant's practices and policies alleged herein violate New Jersey Wage and Hour Laws and Regulations, *N.J.S.A.* 34:11-56a, *et seq.*;

(b) A declaratory judgment that Defendant's practices and policies alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.* and the attendant regulations at 29 C.F.R. §516, *et. seq.*;

(c) Judgment for damages for all unpaid overtime compensation, in amounts to be determined at trial, to which Plaintiff and members of the Class are lawfully entitled pursuant to New Jersey Wage and Hour Laws and Regulations, *N.J.S.A.* 34:11-56a, *et. seq.*;

(d) Judgment for damages for all unpaid overtime compensation, in amounts to be determined at trial, and liquidated damages to which Plaintiff and members of the Class are lawfully entitled pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.* and the attendant regulations at 29 C.F.R. §516, *et. seq.*;

(e) An order directing Defendant to pay Plaintiff and members of the Class reasonable attorneys' fees and all costs connected with this action; and

(f) Such other relief as this Court deems just and equitable.

**WHEREFORE, Plaintiff, in addition, prays for declaratory relief and damages as follows:**

(a) A declaratory judgment that Defendant's practices and policies alleged herein violate the New Jersey Conscientious Employee Protection Act, *N.J.S.A.* 34:19-1, *et. seq.*;

(b) Judgment for damages for lost future wages, lost benefits and punitive damages to which Plaintiff is entitled pursuant to the Conscientious Employee Protection Act, *N.J.S.A*, 34:19-1, *et. seq.*;

(c) An order directing Defendant to pay Plaintiff reasonable attorneys' fees and all costs connected with this action as authorized by the Conscientious Employee Protection Act, *N.J.S.A*, 34:19-1, *et. seq.*; and

(d) Such other relief as this Court deems just and equitable.

### CERTIFICATION PURSUANT TO LOCAL RULE 11.2

Plaintiff certifies that he has no knowledge that the matter in controversy is the subject of any other action pending in any court or of a pending arbitration proceeding and/or that any other action or arbitration proceeding is contemplated. Plaintiff has no knowledge at this time of the names of any non-party who should be joined in the action pursuant to R.4:28 or who is subject to joinder pursuant to R: 29-1(b) because of potential liability to any party on the basis of the same transactional facts.

### JURY DEMAND

Plaintiff and members of the Class demand a trial by jury on all claims so triable.

Dated:

/s/ Lance D. Brown, Esq.
Lance D. Brown, Esq.
Lance Brown and Associates, LLC
*Attorneys for Plaintiffs*

## **CERTIFICATION**

Pursuant to the requirements of Rule 4:5-1 and Local Rule 11.2 (NOTICE OF OTHER ACTIONS), I, the undersigned, do hereby certify to the best of my knowledge, information and belief, that except as hereinafter indicated, the subject matter of the controversy referred to in the within pleading is not the subject of any other Cause of Action, pending in any other Court, or of a pending Arbitration Proceeding, nor is any other Cause of Action or Arbitration Proceeding contemplated;

1. <u>OTHER ACTIONS PENDING</u>?.............................YES ___ NO _X_

 A. If YES - Parties to other Pending Actions.

 B. In my opinion, the following parties should be
 joined in the within pending Cause of Action.

2. <u>OTHER ACTIONS CONTEMPLATED</u>?........................YES ___ NO _X_

 A. If YES - Parties contemplated to be joined, in
 other Causes of Action.

3. <u>ARBITRATION PROCEEDINGS PENDING</u>?...................YES ___ NO _X_
 A. If YES - Parties to Arbitration Proceedings.

 B. In my opinion, the following parties should be
 joined in the pending Arbitration Proceedings.

4. <u>OTHER ARBITRATION PROCEEDINGS CONTEMPLATED</u>?........YES ___ NO _X_
 A. If YES - Parties contemplated to be joined to
 Arbitration Proceedings.

In the event that during the pendency of the within Cause of Action, I shall become aware of any change as to any facts stated herein, I shall file an amended certification and serve a copy thereof on all other parties (or their attorneys) who have appeared in said Cause of Action.

Dated:

/s/ Lance D. Brown, Esq.
Lance D. Brown, Esq.
Lance Brown and Associates, LLC
*Attorneys for Plaintiffs*
